UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-154-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AL DEANGELO COOPER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion to Suppress [Record Document 22], filed on behalf of the defendant, Al Deangelo Cooper. An evidentiary hearing was held on October 5, 2009, after which the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the defendant's motion denied. See Record Document 34. Defendant does not contest the factual findings outlined in the Report and Recommendation, but objects to the Magistrate's application of the law to those facts. Specifically, the defendant contends the Magistrate erroneously concluded that the officers had probable cause to search his vehicle without a search warrant.

After a thorough review of the record and applicable principles of law, the Court adopts the factual findings outlined in the Magistrate's Report and Recommendation and **DENIES** defendant's motion to suppress.

## LAW AND ANALYSIS

Although the Fourth Amendment generally requires all searches and seizures be made pursuant to a warrant based upon probable cause, see U.S. Const. Amend. IV, there are certain exceptions that allow police to perform a search without a warrant. See e.g., United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (automobile

exception); Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (exigent circumstances); United States v. Ramsay, 431 U.S. 606, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977) (border searches); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (plain view exception); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) (search incident to arrest); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ("stop and frisk"). The "automobile exception" allows police to search a vehicle if there is probable cause to believe the vehicle contains contraband. Maryland v. Dyson, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (citing Ross, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572). The search is justified because of an automobile's inherent mobility, which is "an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear." Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487 (1996).

Probable cause to search a vehicle exists when "the facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to occasion a person of reasonable prudence to believe" a vehicle contains contraband or evidence of criminal activity. See United States v. Forrest, 620 F.2d 446, 453 (5th Cir. 1980) (citing Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)); see also, United States v. Medina, 295 Fed.Appx. 702, 708 (5th Cir. 2008). "Probable cause generally involves the factual and practical considerations of everyday life on which reasonable and prudent persons regularly act." Id. (citing Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). What is reasonable "depends on all of the circumstances surrounding the search or seizure and

the nature of the search or seizure itself." United States v. Montoya de Hernandez, 473 U.S. 531, 537, 105 S.Ct. 3304, 3308, 87 L.Ed.2d 381 (1985).

On June 24, 2009, around eight or nine o'clock in the morning, Agent Hank Haynes, a veteran member of the DEA Task Force and former Sergeant of the Minden Police Department, Narcotics Division, received information from Lt. Danny Weaver of the Minden Police Department about a drug transaction that was scheduled to occur. Lt. Weaver received the information from Kenny Lee, an individual who had been arrested earlier that same day on drug charges and was known to be a drug dealer in the Minden, Louisiana area. Specific, detailed information about the scheduled drug transaction was communicated to Agent Hayes:

- That approximately seven (7) ounces of crack cocaine would be transported from Dallas, Texas to Shreveport, Louisiana that day (June 24, 2009) via the Greyhound bus lines;

- That the crack cocaine was scheduled to arrive at the Greyhound bus station in Shreveport between 11:00 a.m. and 1:00 p.m.;

- That Al Cooper (defendant) would pick up an unknown individual who was delivering the crack cocaine from Dallas to Shreveport;

- That Cooper would be driving a white 1998 GMC Yukon, bearing license plate number SCS-906;

- That the drugs were being supplied by DeLancio Tyrone Brown (whom the officers also knew as a drug dealer from Minden, Louisiana who now resides in Dallas, Texas).

[Suppression Hearing Transcript, pp. 3-8].

Agent Haynes set up surveillance at the bus station in Shreveport around 10:45 a.m. The information described above was subsequently corroborated by Agent Haynes and five other officers:

- Deputy Jamie McLamb spoke to an employee of the bus station and learned that bus #6058 was expected to be in from Dallas and advised that it was running late;
- The bus arrived at the bus station at approximately 12:30 p.m.;
- At the same time, Agent Haynes observed Cooper driving a white 1998 GMC Yukon, license plate number SCS-906, pull into the parking lot of the bus station;
- Cooper exited his vehicle and went inside the bus station;
- State Troopers James Nash and Brandon Peters, who were located inside the station, observed Cooper momentarily sit on the back row of the bus terminal. As the people began exiting the bus, Cooper exited the rear door of the bus terminal;
- Agent Hayes observed Cooper walk back to his vehicle and enter the driver's side. A moment later, an individual (later identified as Richard Rogers) exited the back door of the bus terminal carrying only a white paper sack;
- Rogers walked to Cooper's vehicle and entered on the passenger side.

Id. at pp. 9-17.

At that point, the information communicated to Agent Haynes had been corroborated "to the 'T.'" Id. at p. 16. Based on their training and experience, the officers believed the activity of Cooper and Rogers to be an ongoing drug transaction and

approached the vehicle.  After Cooper and Rogers were handcuffed for officer safety and advised of their rights, Agent Haynes and Officer Porter searched the vehicle and found the white paper sack underneath the passenger seat, containing a cellophane-wrapped bundle of cocaine.  Id. at pp. 17-21.  At that time, Agent Haynes arrested Cooper and Rogers for possession of crack cocaine with intent to distribute and conspiracy to distribute crack cocaine.  Id. at 21.

Despite the aforementioned corroborative information, defendant contends the Government cannot establish probable cause because there is evidence concerning the reliability of the informant.[1]  To the contrary, although an "informant's veracity, reliability, and basis of knowledge" are important factors to consider in making a probable cause determination, "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." United States v. Jackson, 818 F.2d 345, 348 (5th Cir. 1987) (quoting Illinois v. Gates, 462 U.S. 213, 233, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527 (1983)).  For example,

> [If] a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip.  Likewise, if an unquestionably honest citizen comes forward with a report of criminal activity-which if fabricated would subject him to criminal liability-we have found rigorous scrutiny of the basis of his knowledge unnecessary.  Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a

---

[1] Specifically, defendant claims Agent Haynes testified at the Preliminary Examination and Detention Hearing, two days after his arrest, that he did not know the identity of the informant at the time of surveillance and arrest.  See Record Document 56, p.8 (citing Transcript, p. 22-25).

> statement that the event was observed first-hand, entitles his
> tip to greater weight than might otherwise be the case.

Gates, 462 U.S. at 233-35, 103 S.Ct. at 2329-30. Thus, the Supreme Court has held that when specific, detailed information provided by an informant (whose reliability and veracity is unknown) is corroborated by an independent investigation, "it suffices for the practical, common-sense judgment called for in making a probable cause determination." Id., 462 U.S. at 244, 103 S.Ct. at 2335.

Agent Haynes testified that he had received information from Lt. Weaver in the past concerning illegal drug activity and that he always found Lt. Weaver's information to be reliable. Id. at pp. 5-6. Agent Hayes had no reason to doubt the reliability of the information provided to him in this case, as the informant provided strikingly detailed information about the defendant's future activities, the information was communicated to Agent Haynes on the same day the drug transaction was scheduled to take place, and, most importantly, every detail of the information was corroborated by the officers. Moreover, the defendant had previously been arrested on drug charges and was suspected to be a drug dealer in the Minden area. [Suppress Hearing Transcript, pp. 8-9]. Based on these facts, the Court has no doubt that the information was obtained from a reliable source, that the officers had probable cause to believe Rogers was delivering cocaine to the defendant, and that the officers had probable cause to believe Rogers was transporting the cocaine either on his person or in the white paper sack.[2] Once officers

---

[2] The cases cited by the defendant in support of his argument that the informant was not reliable are inapposite, because the facts of those cases and the investigations undertaken therein are remarkably distinguishable from the facts of and the investigation conducted in the instant case. See e.g., Florida v. J.L., 529 U.S. 266, 271, 120 S.Ct. 1375, 1379, 146 L.Ed.2d 254 (2000) (the informant's tip provided no

removed Cooper and Rogers from the vehicle, they were unable to locate cocaine or the white paper sack on either of their persons. At that time (and, therefore, at the time the officers searched Cooper's vehicle), the officers had probable cause to believe Cooper's vehicle contained crack cocaine.

## CONCLUSION

The Court finds that, pursuant to the "automobile exception," the officers had probable cause to search the defendant's vehicle for crack cocaine without the necessity of a warrant. Accordingly,

**IT IS ORDERED** that defendant's Motion to Suppress [Record Document 22] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 19th day of January, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

predictive information and left the police without means to test the informant's knowledge or credibility); United States v. Jackson, 328 Fed.Appx. 933, 938 (5th Cir. 2009) (finding that the officers lacked reasonable suspicion to stop a vehicle because the informants' tips were non-specific, the officers did not know or suspect the defendant to be a drug dealer, and the defendant had no criminal record, and, most importantly, the officers' surveillance did not corroborate the informants' tips); United States v. Martinez, 486 F.3d 855, 862 (5th Cir. 2007) (finding that the government failed to provide any evidence about the source of the information, the reliability of that source, or the specifics of what he or she said, nor were the officers able to corroborate any information linking the suspect to criminal behavior); United States v. Roch, 5 F.3d 894, 898 (5th Cir. 1993) (finding that an informant's tip was unreliable where the information provided lacked considerable detail and the informant was able to identify the suspect only by a first name).