UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-0154 |
| VERSUS | CIVIL ACTION NO. 12-2033 |
| AL COOPER | JUDGE S. MAURICE HICKS, JR. |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 123) filed by the Petitioner, Al Cooper ("Cooper"). Cooper seeks to have his sentence vacated on the grounds of ineffective assistance of counsel and constitutional violations. See id. Cooper contends that the ineffective assistance of counsel and violations of the Fifth and Sixth Amendments resulted in him being found guilty when he was innocent. See id. For the reasons discussed herein, Cooper's motion is **DENIED**.

**BACKGROUND**

On July 24, 2009, a federal grand jury returned a two-count indictment against Al Cooper. See Record Document 13. The Indictment charged him with one count of conspiracy to possess with intent to distribute crack cocaine and one count of possession with intent to distribute crack cocaine which allegedly took place on June 24, 2009. See id.

On February 23, 2010, Cooper was found guilty by a jury of counts one and two of the Indictment. See Record Documents 83. On June 23, 2010, Cooper was sentenced to 240 months imprisonment as to each count, to run concurrently. See Record Document 99. He filed a Notice of Appeal on June 28, 2010. See Record Document 97.

On March 28, 2011, the United States Court of Appeals for the Fifth Circuit affirmed Cooper's convictions for conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine. See Record Document 109. The per curiam opinion stated:

> Viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence to find that Cooper agreed to participate in a conspiracy to distribute crack cocaine. See Lopez-Moreno, 420 F. 3d at 437-38. It is undisputed that Cooper did not have actual possession of the crack cocaine seized from his vehicle. However "[c]onstructive possession exists if the defendant knowingly has dominion and control, or has the power to exercise dominion and control over a vehicle in which the drugs are concealed." United States v. Brito, 136 F. 3d 397, 411 (5th Cir. 1998) (citations omitted). There is sufficient evidence to indicate that cooper had constructive possession of the drugs found in his vehicle.
> AFFIRMED.

Id. The decision was issued as a mandate on March 25, 2011. See id.

## LAW AND ANALYSIS

**A.    Claims Not Cognizable Under 28 U.S.C. § 2255.**

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

In his motion, Cooper refers to alleged violations of his Fifth and Sixth Amendment rights. See Record Document 123. Specifically, he claims ineffective assistance of counsel by his trial and appellate counsel and violations of due process relating to jury instructions, "prior bad acts", and a government informant.

**B.     Ineffective Assistance of Counsel Claims.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). The procedural-default rule is a doctrine employed by the courts "to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Requiring a criminal defendant to bring ineffective assistance of counsel claims on a direct appeal promotes neither of these objectives. Moreover, a claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See U.S. v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is properly permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on his claims of ineffective assistance of counsel, Cooper must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, Cooper must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's

performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S.Ct. at 2066. Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

Failure to establish either Strickland prong defeats the claim. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997). Courts may also analyze the prongs in any order. See Goodwin v. Johnson, 132 F.3d 162, 173 n. 6 (5th Cir. 1997) ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Ground One

The first "ground" for relief argued by Cooper, is that his 6th Amendment right to assistance of counsel at trial was violated based on counsel's oversight which "equaled cumulative errors that denied petitioner a fair trial." Cooper claims that his trial counsel failed to address the improper jury instructions for possession with intent to distribute and "deliberate ignorance". He also claims the court incorrectly used the 5th Circuit Pattern Jury Instruction, requested erroneous "similar acts" instruction, and failed to request a buyer/seller differential in the jury instructions. The Government responded and stated that Jury Instruction 14 was correct as "[d]efendant's knowledge was not based solely on his control of the vehicle in which the drugs were hidden, but instead was based on numerous factors known to the officer's prior to defendant's arrest and the discovery of the drugs in

the vehicle." Doc. 128-1. As to Jury Instruction 15, the Government argues that it amounts to no more than harmless error, if it is error at all. The same evidence of defendant's knowledge serves as proof of defendant's actual knowledge of the presence of drugs brought into defendant's car. For Jury Instruction 13, the evidence at trial clearly supported the existence of the conspiracy, and the instruction actually benefitted Cooper. The "buyer/seller" claim raised by Cooper is not relevant, as he was not charged with distribution of narcotics, and therefore a "buyer/seller" is not at issue.

The use of Fifth Circuit Pattern Jury Instructions is common practice in this Court, and petitioner's counsel failing to object to the jury instructions that were appropriate does not meet the two-prong test as required under Strickland.

Ground Six[1]

Cooper argues that his counsel refused to challenge the lack of probable cause "based on the fact the informant did NOT describe a crime being committed by the Petitioner." Record Document 123-2. The Government addresses the probable cause claim issue by citing to the Fifth Circuit's ruling on the appeal filed by Cooper that "the detail of the information given by the informant and the corroboration of this information by the agents was sufficient to establish probable cause that there was crack cocaine in Cooper's vehicle." Doc. 128-1. As this issue has been addressed on direct appeal by the Fifth Circuit, it is not appropriate for this 2255 motion.

Ground Seven

The seventh ground for ineffective counsel is that Cooper's appellate counsel

---

[1]Grounds Two through Five are grouped together and analyzed, infra.

refused to set forth the claim that the testimony of Kenny Lee described only a "buyer/seller" relationship with Petitioner, and refused to challenge the scope of the conspiracy charge in the indictment. The "buyer/seller" relationship is addressed in the Ground One analysis, and as it was not an error at the trial court level it cannot be an error that petitioner's appellate counsel did not raise this issue.

Ground Eight

Petitioner also alleges that his appellate counsel failed to challenge the "deliberate ignorance" instruction given to the jury. The Government argues that the deliberate ignorance instruction is only a harmless error if an error at all because a great deal of evidence was presented supporting actual knowledge by Cooper. Strickland establishes that a petitioner must be able to show that there would have been a different outcome but for counsel's action. In the case of the deliberate ignorance instruction, there was sufficient evidence independent from the deliberate ignorance element to result in a conviction.

**C. Other Constitutional Violations**

Ground Two

Cooper argues in his second ground, that the conspiracy conviction rested on an "agreement" with the government informer, referring to Kenny Lee. The "informer", Lee, testified at Cooper's trial about events that occurred while Lee was a co-conspirator and not yet an informant. The Government argues that Lee's testimony was properly used co-conspirator testimony. This Court agrees. Cooper has not provided any support for the argument that a co-conspirator may not testify during the trial of another conspirator.

Ground Three

In Ground Three, Cooper argues that the "prior bad acts" were not properly

explained in the jury instruction, as there was no way the jury could disregard the prior bad acts of Cooper described during the trial. The jury instruction for prior bad acts was drawn verbatim from the Fifth Circuit Pattern Jury Instruction 1.30 and therefore was the appropriate instruction.

Ground Four

The fourth ground is that the "buyer/seller" exception to conspiracy was never explained to the jury. The conspiracy conviction was raised on direct appeal before the 5th Circuit, and they found sufficient evidence to support the defendant's conspiracy conviction, making the buyer/seller exception irrelevant.

Ground Five

The final ground raised by petitioner is that the jury instruction of "deliberate ignorance" was prejudicial to Cooper. The deliberate ignorance instruction was taken verbatim from the Fifth Circuit Pattern Jury Instruction 1.37 defining "knowingly-to act". This goes to the sufficiency of evidence which was addressed by the Fifth Circuit when it upheld the conviction.

## CONCLUSION

The Court finds Cooper's claims concerning the ineffective assistance of counsel and constitutional violations are without merit. Accordingly, Cooper's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 123) is **DENIED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 29th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE